862 F.2d 313
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Imad Aldean AHMAD, Libertarian Party of Maryland,
Plaintiffs-Appellants,
v.
Gene M. RAYNOR, Administrator, Maryland State Administrative
Board of Election Laws, Defendant-Appellee.
 No. 88-2605.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1988.
Decided Oct. 27, 1988.
Rehearing Denied Jan. 5, 1989.
 
 Richard E. Gardiner, Atiq R. Ahmed for appellant.
 J. Joseph Curran, Jr. (Attorney General of Maryland, Jack Schwartz, Carmen M. Shepard, Assistant Attorneys General on brief) for appellant.
 Before WIDENER, K.K. HALL, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal presents a constitutional challenge to Maryland's ballot access law, Md.Code Ann. art. 33, Sec. 4B-1(h) (1986) by the Libertarian Party of Maryland and its candidate for the United States Senate. Appellants argue that the statute violates the First and Fourteenth Amendments by impermissibly burdening their ability to support the candidate of their choice and by illegally discriminating against their "non-primary" political party. More specifically, they contend that the district court erred in holding that the statute's petition requirement and its prescribed differences in treatment between "primary" and "non-primary" parties serve a compelling state interest. Appellants' also maintain that the Maryland law unconstitutionally forces them to associate with non-party members in their effort to place a candidate on the ballot.
 
 
 2
 Maryland's election statute provides two ways in which the candidate of a political party may be placed on the state's general election ballot. First, the nominees of parties which are recognized as "primary" parties are placed on general election ballots after a properly conducted primary. A "primary" party is a political organization with which at least ten percent of the state's registered voters are affiliated. Md.Code Ann. art. 33, Sec. 5-1-3 (1986). Second, the candidate of a "non-primary" party will be included on general election ballots if he or she can submit a supporting petition which is signed by at least three percent of registered eligible voters. A "non-primary" party is a political organization which has presented the state a petition asking official recognition and signed by at least ten thousand of Maryland's registered voters. Md.Code Ann. art. 33, Sec. 4B-1(a) (1986).
 
 
 3
 The nature of judicial scrutiny regarding this type statute is well established. The Supreme Court has consistently held that, because of the fundamental importance of allowing voters to support candidates of their choice, states cannot unduly burden efforts to achieve a place on the ballot. Yet the Court has also recognized that states have a legitimate, and indeed a compelling interest, in requiring a candidate to show a significant "modicum of support" before permitting his or her name on an official ballot. Munro v. Socialist Workers' Party, 479 U.S. 189, 193-94 (1986); American Party of Texas v. White, 415 U.S. 767, 782 n. 14 (1974); Jenness v. Fortson, 403 U.S. 431, 442 (1970). In advancing its interest a state can require independent and minor-party candidates to submit petitions signed by at least five percent of recent voters. Jenness at 438; Storer v. Brown, 415 U.S. 724, 738-40 (1974). Such evidence allows the state to preserve the integrity of the electoral process and to avoid voter confusion. See American Party of Texas, 414 U.S. at 782 n. 14.
 
 
 4
 We find the Maryland statute falls well within the zone of permitted restrictions. Appellants are clearly wrong in claiming that the Maryland petition requirement cannot be justified as a proper means of showing a significant modicum of support. First, Maryland's three percent requirement is clearly less imposing than the Georgia statute scrutinized in Jenness. Moreover, appellants' attempt to distinguish Jenness, because the candidate here belongs to a state certified political party, is not persuasive. Appellant seems to believe that simply because a state chooses to recognize the existence of a party that the state must then automatically grant the candidates of such a party a place on the ballot. Such a proposition ignores the fact that a state's interests in regulating political parties and in avoiding a long and complicated ballot are not identical. The irony of appellants' position is that if successful it would encourage Maryland to raise petition requirements for small parties in an effort to control access to the ballot. The likely effect for Maryland Libertarians would be to destroy the very recognition that the party now enjoys.
 
 
 5
 Appellants also argue that the statute places an unconstitutional burden on the candidates of "non-primary" political parties by requiring them to obtain a large number of signatures while the nominees of "primary" political parties are automatically placed on official ballots. Such a contention takes insufficient account of the fact that in order to qualify as a "primary" party an organization must achieve a high indicium of public support. A "primary" party must be the party of choice of at least ten percent of the state's eligible voters. Md.Code Ann. art. 33, Sec. 5-1 (1986). Because of this elevated standard, it is entirely reasonable for Maryland to infer adequate support for the nominee of a "primary" party, while at the same time rejecting such an inference for the representative of a party that has proven the support of less than one percent of the state's voters.
 
 
 6
 Finally, appellants suggest that Tashjian v. Republican Party of Connecticut, 479 U.S. 208 (1986), provides a sound basis for invalidation of Maryland's petition statute. They claim that Tashjian stands for the proposition that when a political party is seeking to have its candidates placed on the ballot a state cannot force it to include non-party members in the process. We agree with the district court that, even if this interpretation of Tashjian is correct, there is nothing in the Maryland statute, implicitly or otherwise, that requires the Libertarian Party to appeal to non-Libertarians during its candidate selection and ballot qualification effort. Compare, for example, the appellants' ability to qualify a candidate by collecting signatures from any registered voter with the restrictions at issue in Tashjian. There, the court struck down a Connecticut law which explicitly excluded non-Republicans from Connecticut's Republican primaries. Tashjian at 211 n. 1.
 
 
 7
 For the reasons stated above we affirm the judgment of the district court.
 
 
 8
 AFFIRMED.